IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF TEXAS-HOUSTON DIVISION

| | |
|---|---|
| ROXANA REGALADO HARRISON AND JOSEPH SANTELLANA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JONATHEN ANTHONY SANTELLANA, DECEASED § § § § § § § Plaintiffs, § § § § vs. § § § THE CITY OF NAVASOTA, and § REY GARZA § § Defendants. § | CIVIL ACTION NO. 4:15-cv-03307 |

**PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**

     **COME NOW** ROXANA REGALADO HARRISON and JOSEPH SANTELLANA Individually and as Representative of the Estate of Jonathen Anthony Santellana, (hereinafter referred to as "Plaintiffs") complaining of defendants the City of Navasota, and Rey Garza, and for a cause of action would show:

**I.
PRELIMINARY STATEMENT**

1.    This is a civil rights action brought under 42 U.S.C. §1983 against Defendant City of Navasota and Rey Garza regarding the use of excessive and unreasonable force resulting in the shooting which killed the unarmed 17 year old Deceased, Jonathen Anthony Santellana.

2.    The actions and conduct of Rey Garza are the result of a policy, practice, custom, and

deliberate indifference on the part of Defendant City of Navasota. Specifically, at issue are the City of Navasota's "Police Related Extra Employment" policy and "Use of Force" policy.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §1983, 28 U.S.C. §1331, 1343 (a)(3), and 1343 (a)(4).

## III.
## Parties

4. Plaintiff ROXANA REGALADO HARRISON is a resident of Houston, Harris County, Texas. Roxana Regalado Harrison is the mother of Jonathen Anthony Santellana, Deceased. Roxana Regalado Harrison brings this lawsuit in her individual capacity.

5. Plaintiff JOSEPH SANTELLANA, is the father of Jonathen Anthony Santellana, Deceased. Plaintiff Joseph Santellana is a resident of Houston, Harris County, Texas. Joseph Santellana brings this lawsuit in his individual capacity and in his capacity as Representative of the Estate of Jonathen Anthony Santellana.

6. Defendant, City of Navasota is a municipality in Texas and owns, operates, manages, directs,and controls the Navasota Police Department and may be served with citation pursuant to Section 17.024(b) of the Texas Civil Practice and Remedies Code by serving the City Secretary, Navasota City Hall 200 E. McAlpine Street, Navasota, Texas 77808.

7. Defendant, Rey Garza was at all times relevant to this Complaint acting as an off duty officer who was employed by the City of Navasota Police Department. He is sued in his individual capacity.

8. At all times relevant to this Complaint, Defendant Rey Garza's position is that he acted under color of state law.

## IV.
## FACTS

9. The Villages of Copperfield Apartments are located at 8727 Point Park Dr, Houston, Texas.

10. On November 13, 2013 at about 5 pm, 17 year old Jonathen Anthony Santellana "Jonathen" arrived at Villages of Copperfield to visit a friend

11. Jonathen briefly went into the friend's apartment while his friend Kalee Marstellar waited in the car. When Jonathen was walking back to his car Defendant, Rey Garza, became suspicious because Jonathen was looking down at something in his hands walking passed Defendant, Rey Garza, without acknowledging him.

12. Defendant, Rey Garza, went into his apartment and grabbed his off-duty gun in order to confront Jonathen. Defendant, Rey Garza, walked out of his apartment towards Jonathen's car. Kalee saw Defendant, Rey Garza, and told Jonathen she thought they were being car jacked or robbed. Jonathen began to reverse the car from the parking space and the Hispanic male attempted to open the driver side door.

13. As Jonathen drove away the Defendant, Rey Garza, began fired 7 shots at Jonathen.

14. Jonathen was unarmed. Jonathen was shot in his back and the back of his head.

15. Jonathen's vehicle eventually came to a stop after colliding with a parked vehicle.

16. Jonathen was taken to the hospital where he died from 2 gunshot wounds.

17. After the shooting, Defendant, Rey Garza, was later identified as an off-duty Navasota Police officer.

18. Defendant, Rey Garza, lived and worked at the Villages of Copperfield and was a courtesy patrol officer for the apartment complex.

19. At the time of the incident, Defendant, Rey Garza, stated that he was not on duty as a

patrol officer.

20.	Defendant, Rey Garza, stated that he was an off-duty police officer working as a courtesy patrol officer for the apartment complex in is witness statement.

21.	Defendant, Rey Garza, was not in uniform.

22.	However, Defendant, Rey Garza, now takes the position that he was acting as police officer for the City of Navasota.

23.	Defendant, Rey Garza, takes the position that he acted in the scope of his employment for the Navasota Police Department as he noticed Jonathen putting marijuana in a prescription bottle.

## V.
## CLAIMS FOR RELIEF

### A. Count 1: 42 U.S.C. § 1983 Claim for Violations of the Fourth Amendment to the U.S Constitution

24.	Defendant, City of Navasota and Defendant, Rey Garza, acted under the color of state law to cause the deprivation of Jonathan's rights under the Fourth Amendment to the U.S. Constitution.

25.	Defendant, Rey Garza, by means of physical force or show of authority, subjected Jonathan to the use of excessive force in violation of Jonathan's rights under the Fourth Amendment to the U.S. Constitution. The excessive force used by Defendant, Rey Garza, was objectively unreasonable given the circumstances.  Defendant, Rey Garza, shot at an unarmed Jonathen 7 times while Jonathen was driving away.  There was no reason for Defendant, Rey Garza, to use deadly force.  Jonathen was not a threat to Defendant, Rey Garza, or anyone else as admitted by Defendant, Rey Garza,

26.     Specifically, Defendant, Rey Garza, used excessive force without provocation in firing seven shots and killing Jonathan in violation of the rights guaranteed to him under the Fourth Amendment to the U.S. Constitution.

27.     The abusive conduct of the Defendant, Rey Garza, was objectively unreasonable. The Fourth Amendment rights violated by Defendant, City of Navasota and Defendant, Rey Garza, were clearly established at the time of their violation. William Rathburn is an expert who was hired by Plaintiffs who prepared a report stating that no officer should do what Defendant, Rey Garza, did in this situation.

28.     Defendant, City of Navasota, accepted, approved, and authorized the vicious actions of Defendant, Rey Garza, as described above by its policy and/or custom of acceptance of police brutality, excessive use of force, intimidation, false arrests and reports, and failure to properly train and supervise, law enforcement officials under Defendant, City of Navasota's "Police Related Extra Employment" policy and "Use of Force" policy.  The current chief of police for The City of Navasota has testified that Defendant, Rey Garza, was no reprimanded for the shooting of Jonathen therefore ratifying Defendant, Rey Garza's actions.

29.     The use of excessive force by Defendant, Rey Garza, against Jonathan while off duty was a violation of the Jonathan's Fourth Amendment rights under the U.S. Constitution. This conduct was a direct cause of fatal injury to Jonathan.  The injuries suffered by Jonathan were more than de minimis. Jonathen was killed.

30.     The conduct of Defendant, City of Navasota and Defendant, Rey Garza was willful and malicious. Defendant, Rey Garza, has lied about why he shot Jonathen by stating he was in fear of his life.  However, Cam Cope is a ballistics expert hired by the Plaintiffs who has discredited Defendant, Rey Garza's account of the shooting.  In addition, independent witness Shelia

Moreno prepared a statement which completely contradicts Defendant, Rey Garza's statement. Not only was the shooting willful and malicious but so is the cover up by Defendant, Rey Garza.

31. The acts of Defendant, City of Navasota and Defendant, Rey Garza, separately or in combination, constituted a deliberate, malicious, callous, and reckless indifference to the rights and physical safety of Jonathan  This deliberate indifference, coupled with the unnecessary and shockingly brutal physical assault on Jonathan, constituted unnecessary and wanton infliction of physical injury, pain, and suffering on Jonathan in violation of Jonathan's rights under the Fourth Amendment to the U.S. Constitution. The acts and omissions of Defendant, City of Navasota and Defendant, Rey Garza, demonstrate such conscious indifference that they offend the standards of decency and violate the Fourth Amendment to the U.S. Constitution.

32. This deprivation is directly attributable to the enforcement of a custom or policy of Defendant, City of Navasota.

### B. Count 2: 42 U.S.C. § 1983 Claim for Unconstitutional Policy, Custom or Practice

33. There is a pattern of brutality and use of excessive force in the Navasota Police Department.

34. In addition, Defendant, City of Navasota, participated in or was aware of systematic violations of individual rights by Defendant, City of Navasota, officers including, but not limited to, the habitual use of excessive force, unlawful searches and seizures, groundless and unlawful reports, intimidation, cruel and unusual punishment, and denials of due process and equal protection, all in violation of the rights guaranteed to individuals like Plaintiff under the Fourth Amendment to the U.S. Constitution.

35.     Further, Defendant, City of Navasota, has had a policy and/or custom of failing to properly investigate, reprimand, discipline, and punish officers for use of excessive force, abusive conduct, and other improper conduct.  The result of this policy and/or custom is that Defendant, City of Navasota's officers feel free to engage in abusive and improper conduct without fear of repercussion, in violation of the rights guaranteed to individuals under the Fourth Amendment to the U.S. Constitution. Defendant, Rey Garza, was not reprimanded for his conduct and continued to work for Defendant, City of Navasota, after the shooting.

36.     This policy and/or custom encouraged, condoned, and permitted the unlawful use of excessive force by Defendant, City of Navasota's officers against Jonathan in violation of the rights guaranteed to Jonathan under the Fourth Amendment to the U.S. Constitution.

37.     The conduct and actions of Defendant, City of Navasota and Defendant, Rey Garza, were a part of the policy and/or custom and practice of Defendant, City of Navasota and its police department.  The constitutional deprivations visited upon the Jonathan were a result of this governmental policy and/or custom.  This policy and/or custom to engage in acts violating rights guaranteed to individuals like Jonathan under the Fourth Amendment to the U.S. Constitution was the persistent, widespread practice of officials, employees, and law enforcement officers, which, even though such policy and/or custom may not have (but certainly may have) received formal approval through Defendant, City of Navasota's official decision-making channels, was so common and well settled as to constitute a custom that fairly represented the policy of Defendant, City of Navasota.  Due to the pattern of abusive conduct by Defendant, City of Navasota's law enforcement officials, Defendant, City of Navasota had actual and/or constructive knowledge and failed to take corrective action.

38. Defendant, City of Navasota's policies and/or customs were the direct "moving force," or cause, that resulted in the deprivation of Jonathan's federally-protected rights. *Manell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). This incident, although shocking to the conscience, was not an isolated event, but a direct result of the policy and/or custom of Defendant, City of Navasota and its officials to violate rights guaranteed to individuals like Jonathan under the Fourth Amendment to the U.S. Constitution.

39. Defendant, City of Navasota, is liable to Jonathan since the acts of Defendant, City of Navasota and Defendant, Rey Garza, created a de facto policy enforced so as to constitute the adoption of an official policy, custom, usage, or procedure, on both a formal and informal basis, to violate rights guaranteed to individuals like Jonathan under the Fourth Amendment to the U.S. Constitution. Defendant, City of Navasota, effectively permitted, condoned, approved, and ratified the acts of Defendant, Rey Garza, and such acts complained of herein may fairly be said to be the official policy of Defendant, City of Navasota,. The conduct of Defendant, City of Navasota and Defendant, Rey Garza, was willful and malicious.

### C. Count 3: 42 U.S.C. § 1983 Claim for Inadequate Training and Supervision

40. Defendant, City of Navasota, is charged with management, oversight, administration, and supervision of Defendant, City of Navasota's officers. Those duties include the supervision, management, oversight, training, and hiring of Defendant, City of Navasota's officers in their official duties. Defendant, City of Navasota, created or maintained an unconstitutional policy, custom or practice with respect to the failure to manage, oversee, administer, and supervise, police officers. These policies, customs, or practices of failing to adequately train and supervise officers were created or maintained intentionally, maliciously, and with reckless disregard for and deliberate indifference to Jonathan's rights guaranteed under the Fourth Amendment to the

U.S. Constitution.  It was foreseeable that constitutional deprivations would likely result from Defendant, City of Navasota's failure to properly train and supervise police officers in regard to "use of force and "extra employment" policies. Specifically, Defendant, Rey Garza, was not trained how to respond to a potential crime while off-duty and not in uniform.  In addition, he was not trained as to the dangers of attempting to arrest a suspect while off-duty and not in uniform.  Plaintiffs; expert William Rathburn has prepared a report and will testify as to the dangers of off-duty police officers using deadly force while not in uniform.

41.     Defendant, City of Navasota,   failed to properly train and supervise  its law enforcement officers. Defendant, City of Navasota, and its officials failed to properly train its law enforcement officers on, among other topics, the appropriate use of force on and off duty.  This negligent and grossly negligent failure to train police officers has resulted in a pattern of unconstitutional application of the use of force and this inadequate training of police officers directly resulted in the deprivation of Jonathan's rights and constituted a deliberate, malicious, callous, and reckless indifference to the rights and physical safety of Jonathan.  The need for more or different training was so obvious, and the inadequacy of training so likely to result in constitutional violations, that Defendant, City of Navasota's failure to address the need was in fact a policy of deliberate indifference to the Jonathan's constitutionally protected rights guaranteed under the Fourth Amendment to the U.S. Constitution.  This deliberate indifference, coupled with the unnecessary and shockingly brutal physical assault on Jonathan, constituted unnecessary and wanton infliction of physical injury, pain, and suffering on Jonathan and was a violation of his rights guaranteed under the Fourth Amendment to the U.S. Constitution.

42.     Defendant, City of Navasota, and its officials, have turned a blind-eye to and tolerated the pattern of use of excessive force and police misconduct, and have expressly or inherently authorized the conduct that resulted in injuries to Jonathan.

43.     Defendant, City of Navasota, failed to train and supervise law enforcement employees and officers, including, but not limited to, Defendant, Rey Garza,.  As a result, the police force included members who, by temperament or prior experience, were inclined to use abusive and excessive force and were highly likely to inflict the injuries suffered by Jonathan.  This negligent and grossly negligent failure to adequately train and supervise police officers resulted in a pattern of unconstitutional application of the use of force, and this inadequate training  and supervision of police officers directly resulted in the deprivation of Jonathan's rights and constituted a deliberate, malicious, callous, and reckless indifference to the rights and physical safety of Jonathan.  This deliberate indifference, coupled with the unnecessary and shockingly brutal physical assault on Jonathan, constituted unnecessary and wanton infliction of physical injury, pain, and suffering on Jonathan. The conduct of Defendant, City of Navasota and Defendant, Rey Garza, was willful and malicious.

44.     As a direct result, Defendant, City of Navasota and Defendant, Rey Garza, violated Jonathan's rights under the Fourth Amendment to the U.S. Constitution.

   **D.  <u>Count 4: Garza is not protected by Qualified Immunity</u>**

45.     Defendant, Rey Garza's actions violated Jonathan's constitutional rights as Defendant, Rey Garza's actions were not reasonable under the Fourth Amendment.

46.     If Defendant, Rey Garza, had been acting as a reasonable officer, he would have known that his conduct violated the constitution.

47. Defendant, Rey Garza, violated Jonathan's rights under the Fourth Amendment to the U.S. Constitution because Jonathan did not pose a significant threat of death or serious physical injury to Defendant, Rey Garza, or anyone else at the time of this shooting.

## VI.
## EXEMPLARY DAMAGES

48. Plaintiffs are entitled to an award of exemplary damages against Defendants because the acts and omissions described herein, when viewed objectively from Defendants' standpoint at the time of the occurrences, involved an extreme degree of risk, considering the possibility and magnitude of the potential harm to Jonathen Anthony Santellana and others, and Defendants had actual, subjective awareness of the risk but proceeded anyway with a conscious indifference to the rights, safety or welfare of Jonathen Anthony Santellana and others. Defendant, Rey Garza, shot 7 times at 5pm on a business day in an attempt to stop Jonathen. Defendant, Rey Garza, completely ignored the fact that he could have killed or hurt an innocent bystander. In fact, as result of the shooting, a tenant of the apartment complex was severely injured after Jonathen had been shot. Jonathen had lost control of his case which resulted in him crashing into the vehicle occupied by an innocent bystander.

49. As a result, Plaintiffs seek exemplary damages of $5,000,000.00.

## VII.
## SURVIVAL DAMAGES

50. As a result of the initial bullet wounds sustained by Jonathan, Jonathan suffered from pain and mental anguish for the 43 minutes he survived before he ultimately died.

51. Jonathan also has past medical expenses from the treatment he received from the Houston Fire Department and Cypress Medical Center until his death.

52. As a further result of the shooting made the basis of this suit and the death of Jonathan, Jonathan's estate incurred funeral and burial expenses.

53. As a result, Plaintiffs seek damages for Jonathan's estate for pain and mental anguish, medical expenses, funeral and burial costs.

## VIII.
## WRONGFUL DEATH DAMAGES

54. At the time of the occurrence, Jonathen, was seventeen (17) years of ages and had an average life expectancy of 63.9 years according to the applicable United States Life Tables. Jonathen was in good health and was capable of earning substantial income.

55. As a further result of the occurrence made the basis of this suit and the death of Jonathen, Plaintiff, Roxana Regalado Harrison, and Plaintiff, Joseph Santellana, have sustained in the past, and, in reasonable probability, will sustain in the future, a substantial pecuniary loss, including the loss of the care, maintenance, support, services, advise, counsel, inheritance and reasonable contributions of pecuniary value, the Plaintiffs would, in reasonable probability, have received from Jonathen, had he lived. Plaintiffs Roxana Regalado Harrison and Joseph Santellana sue for such damages on their own behalf.

56. As a further result of the occurrence made the basis of this suit and the death of Jonathen, Plaintiffs, Roxana Regalado Harrison and Joseph Santellana, have sustained in the past and, in reasonable probability, will sustain in the future, the loss of companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs, Roxana Regalado Harrison and Joseph Santellana, would, in reasonable probability, have received from son, Jonathen, has he lived. Plaintiffs Roxana Regalado Harrison and Joseph Santellana sue for such damages on their own behalf.

57.     As a further result of the occurrence made the basis of this suit and the death of Jonathen, Plaintiffs, Roxana Regalado Harrison and Joseph Santellana, have sustained in the past and, in reasonable probability, will sustain in the future, substantial mental anguish, including emotional pain, torment, and suffering. Plaintiffs, Roxana Regalado Harrison and Joseph Santellana, sue for such damages on their own behalf.

58.     As a result of such injuries, Plaintiff Roxana Regalado Harrison seeks actual monetary relief of over **$1,000,000.00.**

59**.**     As a further result of such injuries Plaintiff Joseph Santellana seeks actual monetary relief over **$1,000,000.00.**

## IX.
## ATTORNEY'S FEES

At this time, Plaintiffs hereby request reasonable attorney's fees pursuant to *42 U.S.C.A §1988 (b)*.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and upon final hearing hereof, Plaintiffs have and recover of and from Defendants for Plaintiffs' damages as set forth above, interest on said judgment at the legal rate from the date of injury, Plaintiffs' costs of Court, and such other and further relief, special or general, at law or in equity, to which they may be entitled to within the jurisdictional limits of this Court.

**Respectfully submitted,**

BY: /s/George K. Farah_____
GEORGE K. FARAH
State Bar No. 24040882
Federal Bar No: 38353
ATTORNEY IN CHARGE
GUERRA & FARAH, PLLC
4101 Washington Ave., 3rd Floor
Houston, Texas 77007
T: (713) 529-6606
F: (713) 529-6605
ATTORNEY FOR PLAINTIFFS

PLAINTIFFS REQUEST TRIAL BY JURY

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th day of March, 2016 the above and foregoing was sent to all Defendants via electronic notice .

/s/ George K. Farah_____
George K. Farah